UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TANYA BEASLEY o/b/o J.F.                                                                          PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:10CV622 DPJ-FKB

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                                                              DEFENDANT

ORDER

This Social Security appeal is before the Court on the Report and Recommendation [19] of Magistrate Judge F. Keith Ball. Judge Ball recommends denying Plaintiff's motion for summary judgment and granting the Commissioner of Social Security's motion for summary judgment, thereby affirming the decision of the Administrative Law Judge. Having fully considered the premises, the Court finds that the Report and Recommendation should be adopted.

Judge Ball succinctly presented J.F.'s medical history and the process used by the ALJ in determining that J.F. is not disabled. Here, the main dispute lies in the ALJ's application of step three—the consideration of the claimant's medically-determinable impairments and those impairments' effect on the child's functioning in six "domains." *See* Notice of Decision [12-3] at 8. "Domains are broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). To sustain a finding of disability, the child must have an "extreme" limitation in one domain or "marked" limitations in two domains. 20 C.F.R. § 416.926a(d). The ALJ found neither—deciding J.F. had no limitation in three domains and less than marked limitation in the other three domains.

The primary issue here is the ALJ's finding of "no limitation" in the domain for ability to

attend to and complete tasks. Judge Ball disagreed, concluding that the record supported "some level of limitation" short of an extreme limitation. R&R [19] at 10. Both parties apparently accept this part of the recommendation, as does the Court. But having reached that conclusion, Judge Ball ultimately found that the ALJ's error was harmless because substantial evidence supported the ALJ's finding that no other domain presented a marked or extreme limitation. *See* 20 C.F.R. § 416.926a(d).

Plaintiff objects to the harmless error finding by first arguing that the ALJ "failed to consider the interactive and cumulative effects of the child's impairments upon all domains." Objection [20] at 3. But the record amply demonstrates that the ALJ found four severe impairments plus other impairments and then dutifully considered their interactive and cumulative effects as they related to the six domains. As stated in his decision:

> In assessing whether the claimant has "marked" or "extreme" limitations, the undersigned must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe (20 C.F.R. 416.926a(a)). The undersigned must consider the interactive and cumulative effects of the claimant's impairment or multiple impairments in any affected domain (20 C.F.R. 416.926a(c)).

Decision [12-3] at 8.

Plaintiff spends little time on this point and appears instead to focus on the impact of Judge Ball's finding as it relates to other domains. More precisely, Plaintiff argues that "[r]emand is required because the Commissioner failed to consider the cumulative effect of a significant *limitation* in the ability to attend to and complete tasks with regard to the child's functioning in several developmental domains." Objection [20] at 3–4.[1]

---

[1]The Code of Federal Regulations speaks more directly regarding the duty to consider the "cumulative effects of an *impairment*." 20 C.F.R. § 416.926a(c) (emphasis added).

Plaintiff has cited no authority, binding or otherwise, supporting her argument that remand is required when an ALJ cumulatively considers all impairments but mistakenly finds no limitation as to one domain. Though not addressing the "cumulative limitations" argument directly, numerous courts have found harmless error when an ALJ mistakenly finds no marked limitations in one domain and the record shows no marked or greater limitation in another domain. For example, in *Muhammad ex rel. T.I.M. v. Commissioner of Social Security*, the Eleventh Circuit Court of Appeals stated:

> even if substantial evidence did not support the ALJ's determination that T.I.M. had less-than-marked limitations in the domain of attending and completing tasks, any such error was harmless. Even if T.I.M.'s limitations in this domain were marked, he still would not be disabled because he did not have marked limitations in at least one additional domain. Although a minor claimant is disabled if he has extreme limitations in only one domain, the evidence described above demonstrates that T.I.M.'s limitations in the domain of attending and completing tasks were not extreme. Accordingly, even if the ALJ erred in evaluating T.I.M.'s limitations in this domain, substantial evidence still would support his ultimate determination that T.I.M. was not disabled.

395 F. App'x 593, 601–02 (11th Cir. 2010) (internal citations omitted); *see also Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 679–80 (7th Cir. 2010) (holding that if ALJ erred in finding less-than-marked limitations in domain of "attending and completing tasks," error was harmless unless "Buckhanon could point to a second with marked limitations, which she cannot"); *Cox ex rel, J.J.R. v. Astrue*, No. 10–00554–B, 2012 WL 1094443, at *10 (S.D. Ala. Mar. 30, 2012) (holding that error in one domain would be harmless "as the substantial record evidence supports the ALJ's ultimate findings that J.R. does not have 'marked' limitations in at

---

"Impairments" and "limitations" are two distinct things. *Id*. ("[A]ny single limitation may be the result of the interactive and cumulative effects of one or more impairments"). Regardless, the ALJ did consider J.F.'s ability to complete tasks when considering other domains. *See* below.

3

least two domains, or an 'extreme' limitation in one domain"); *Smith ex rel. T.S. v. Astrue*, No. SAG-11-CV-165, 2012 WL 1067880, at *3 (D. Md. Mar. 28, 2012) (holding that error in assessing second domain—attending and completing tasks—would be harmless "absent any other marked limitation in another domain") (citation omitted); *Turner ex rel. BDT v. Comm'r of Soc. Sec.*, No. 6:10–cv–1497–Orl–GJK, 2012 WL 1004841, at *18 (M.D. Fla. Mar. 26, 2012) (holding that "even though the evidence relied upon by the ALJ does not support a finding of less than marked limitations in the domain of attending and completing tasks, it does not support a finding of an extreme limitation and, as set forth below, substantial evidence supports the ALJ's findings as to the remaining domains"); *Green ex rel. D.D.G. v. Astrue*, No. 10–00610–KD–B, 2012 WL 1014751, at *11 (S.D. Ala. Mar. 7, 2012) ("[A]ssuming arguendo that the ALJ erred in failing to find that D.D.G. has marked limitations in this area, the error is harmless because there is substantial record evidence in support of the ALJ's findings with respect to the other domains."); *J.B. ex rel. Barboza v. Astrue*, 738 F. Supp. 2d 260, 265 (D. Mass. 2010) (holding that even if ALJ erred in failing to find marked limitation in one domain, "error was harmless unless plaintiff can show that J.B. suffered marked limitations in another domain as well"); *Patterson ex rel. TJP v. Comm'r of Soc. Sec.*, No. 09–cv–11621, 2010 WL 2218629, at *4 (E.D. Mich. May 6, 2010) (report and recommendation finding same); *Brunner ex rel. Ellis v. Astrue*, Civ. Action No. 08–56, 2009 WL 734712, at *8 & n.6 (W.D. Pa. Mar. 19, 2009) (same); *Holloway v. Astrue*, No. 1:08–cv–1247, 2009 WL 305127, at *8 (N.D. Ga. Feb. 9, 2009) (same); *Ellis v. Astrue*, No. 08–56J, 2009 WL 734712, at *8 (W.D. Pa. Mar. 19, 2009) (same) *Wood v. Astrue*, No. 2:07–cv–720, 2008 WL 4571784, at *4 (M.D. Ala. Oct. 14, 2008) (same).  The Fifth Circuit also applies the harmless-error standard to Social Security appeals.

*See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (analyzing harmless-error rule in social security cases).

Returning to the record, the parties accept the finding that J.F.'s limitation in attending and completing tasks is not extreme. Thus, Plaintiff must show marked limitation in two domains. 20 C.F.R. § 416.926a(d). She attempts to meet this burden by arguing that "the child's limitations with regard to his ability to attend and complete tasks may impact upon other domains." Objection [20] at 3. Before reviewing the record as applied to those other domains, it is important to consider the record regarding this domain. In particular, Judge Ball merely found "some level of limitation" rather than "no limitation" as found by the ALJ. R&R [19] at 10. Judge Ball stopped short of saying whether the limitation amounted to a "marked" limitation and noted that while the child had historical problems in this area, "these conditions were being managed well with medication" just two months before the hearing. *Id*. That said, Judge Ball noted that it would be inconsistent to find "no limitations" when the ALJ had earlier observed the child "may experience some difficulty completing his assignments." *Id*.

Looking then to the other domains, Plaintiff has specifically addressed only two that may be impacted by a finding that the child had some level of limitation attending to and completing tasks: (1) "social function" and (2) acquiring and using information. Objection [20] at 3. Starting with the former, there is no domain for "social function" for children, so the Court assumes this relates to "interacting and relating with others." Regardless, Plaintiff merely mentions the domain without articulating how limitation in attending to and completing tasks would alter the ALJ's finding. Moreover, the ALJ's evaluation of this domain already considered some level of limitation when it noted the child's difficulty completing tasks.

5

Decision [12-3] at 15.  Yet the ALJ concluded that J.F. suffered no limitation in interacting with others based on a medical doctor's opinion and on the success medication has had controlling the symptoms.  *Id*. at 9.  As for J.F.'s ability to acquire and use information, the ALJ based the decision in part on an evaluation from the Child Development Clinic that J.F. was of "average intelligence."  Decision [12-3] at 7.  Thus, substantial evidence supports the findings that there was no marked limitation in these other domains, even the Court considers the record evidence Judge Ball summarized regarding J.F.'s ability to attend and complete tasks.[2]

Plaintiff's only other argument is that the ALJ's failure to specifically address J.F.'s global assessment of functioning (GAF) score constitutes reversible error.  Again though, she cites no circuit authority.  She avers that the "ALJ failed to consider these opinions, explain the weight given to these opinions or provide reasons for refuting these opinions."  Pl.'s Brief in Supp. of Mot. Summ. Judg. [14] at 12.  While the ALJ may not have specifically mentioned the scores, the scores were part of the medical evidence before him in reaching his decision.  *See* R&R [19] at 11 (noting J.F.'s GAF scores were reflected in his treatment notes from Weems Community Mental Health Center); *see also* Pl.'s Brief in Supp. of Mot. Summ. Judg. [14] at 4–5 (citing Axis V score).

The Court agrees with Judge Ball that the ALJ was not required to single out this piece of evidence in his opinion and his failure to do so does not provide a basis for remand.  *See Rios v. Comm'r of Soc. Sec.*, 444 F. App'x 532, 535 (3d Cir. 2011) (rejecting argument that remand was

---

[2]It is worth repeating that Judge Ball expressed no opinion whether the limitation in attending to and completing tasks rose to the level of a marked limitation.  If it did not, and there is an argument for that, then Plaintiff would be required to show a marked limitation in both of these other domains, which she has not done.

appropriate where the ALJ addressed only one of three GAF scores in the opinion); *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 416 (6th Cir. 2006) ("Any failure to reference Global Assessment Functioning scores or to compare different scores attributed to the same subject, without more, does not require reversal."); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) ("Thus, the ALJ's failure to reference the GAF score in the [decision], standing alone, does not make the [decision] inaccurate."); *Sohm v. Astrue*, No. 3:07CV257-J, 2008 WL 2437541, at *2 (W.D. Ky. June 13, 2008) ("Consequently, while the GAF may represent a single piece of information to be considered in a disability inquiry, it cannot substitute for specific information about particular capabilities and characteristics. To the extent that plaintiff is arguing that the ALJ committed reversible error by failing to explicitly address the GAF scores, the contention must be rejected."); *but see Cruz v. Astrue*, No. 09–0508, 2010 WL 3809829, at *10 (E.D. Pa. Sept. 28, 2010) ("An ALJ who has failed to specifically address a claimant's GAF score or who has discounted the score without providing reasons has thus committed reversible error and his decision must be remanded for further consideration.").

    As Judge Ball noted, this Court does not sit as a court of first impression. Review is limited to whether the ALJ's decision is based on substantial evidence. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). In this case, the ALJ applied the correct legal standards. And though he may have erred with respect to his finding as to one domain, the error was harmless.

The Court therefore adopts the Report and Recommendation as the opinion of the Court.

Defendant's Motion to Strike [23] is moot.

**SO ORDERED AND ADJUDGED** this the 21th day of September, 2012.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE